[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO STRIKE
In this action brought for unpaid rent under a written residential lease, the plaintiff filed this motion asserting the legal insufficiency of the Eighth Count of the Counterclaim.[1] In that Count, the defendant alleges violations of § 42-110a et seq., in that the plaintiff failed to maintain the premises in specific ways and in violation of the applicable building and health codes, that he failed to communicate with the defendants during the lease period and that he failed to return the security deposit pursuant to the requirements of C.G.S. § 47a-21(d).
The plaintiff claims that the allegations are insufficient to show that he is subject to a claim for damages under CUTPA. Specifically, he argues that the allegations do not show that he was engaged in any trade or commerce, or that his conduct was a general business practice.
In considering this Motion to Strike, the court is limited to the facts alleged in the counterclaim. The court must construe the facts in the counterclaim most favorably to the defendant. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). "A motion to strike is properly granted if the CT Page 3425 complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. BOCGroup. Inc., 224 Conn. 210, 215 (1992).
The plaintiff first claims that the alleged facts are insufficient to show he was engaged in a trade or commerce. C.G.S. § 42-110a(4) defines trade or commerce as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state." Clearly, under this statutory definition, the allegations in Paragraphs 1 and 25 of the Eighth Count are sufficient to withstand a Motion to Strike on this ground. Conaway v. Prestia, 191 Conn. 484
(1983).
The plaintiff next claims that the facts alleged are insufficient to show a general business practice. Citing the case of McCarthy v.Fingelly, 4 CONN. L. RPTR. 177, 5 CSCR 623 (1991) (Katz, J.), the plaintiff further argues that since this was an isolated private transaction of his personal residence, it is not within the scope of CUTPA. The court would first note that paragraph 26 of the Eighth Count alleges the plaintiff "currently engages in the rent or lease or the offering for rent or lease of the above described premises to tenants other than the Defendant Tenants." As repleaded, the counterclaim would now appear to allege sufficient facts to defeat the Motion on this ground. However, the court will address the applicability of CUTPA to a single transaction by a landlord not otherwise in the landlord business.
The expansive nature of the CUTPA scheme was recently affirmed in Associated Investment Co. Ltd. Partnership v. WilliamsAssociates IV, 230 Conn. 148, 157-158 (1994):
 Likewise, our General Assembly, in adopting the sweeping language of 5(a)(1) of the FTCA, "deliberately chose not to define the scope of unfair or deceptive acts proscribed by CUTPA so that courts might develop a body of law responsive to the marketplace practices that actually generate such complaints." Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 755, 474 A.2d 780
(1984). "Predictably, [therefore,] CUTPA has come to embrace a much broader range of CT Page 3426 business conduct than does the common law tort action." Id., 756. Moreover, "[b]ecause CUTPA is a self-avowed remedial' measure, General Statutes 42-110b(d), it is construed liberally in an effort to effectuate its public policy goals." Id. Indeed, there is "no . . . unfair method of competition, or unfair [or] deceptive act or practice that cannot be reached [under CUTPA]." Conn. Joint Standing Committee Hearings, General Law, Pt. 2, 1973 Sess., p. 705, remarks of Attorney Robert Sils, Dept. of Consumer Protection.
In light of this broad language as well as the previous holding of the court in Conaway v. Prestia, 191 Conn. 484 (1983) to apply CUTPA to residential landlord tenant transactions, the court finds that CUTPA applies to the acts alleged in the Eighth Count. The Motion to Strike is denied.
Alexandra Davis DiPentima, Judge